UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20306-CR-ALTONAGA

UNITED STATES OF AMERICA

vs.

JOSE MIGUEL ROSARIO-ROJAS,

    Defendant.
_____/

## STIPULATED FACTUAL PROFFER

Should this case have proceeded to trial, the United States would be able to prove the following beyond a reasonable doubt:

1. On or about May 1, 2021, while on patrol in the Caribbean Sea, a maritime patrol aircraft ("MPA") detected a go-fast vessel ("GFV") operating approximately 69 nautical miles south of Santo Domingo, Dominican Republic. Members onboard the MPA observed the GFV was equipped with two outboard engines and a tarp covering the forward portion of the vessel, which is consistent with maritime drug smuggling. The GFV had no indicia of nationality. The *USS WHICHITA* with its embarked USCG LEDET 402 was patrolling nearby and diverted to intercept the GFV.

2. Upon arrival, the *USS WHICHITA* launched its aircraft. The GFV had no indicia of nationality. The suspected smuggling vessel refused to heave to, so authorization was requested and granted to employ Airborne Use of Force ("AUF") including warning shots and disabling fire to gain compliance. Once warning shots were employed, the vessel came to a stop.

3. Once the GFV was dead in the water law enforcement from the *USS WHICHITA* arrived and completed a right of visit boarding of the GFV. There were three individuals on board, who

were later identified as Jhonathan Alfonso, a Colombian national, Jose Jorge Kohen, a Colombian national, and Jose Miguel Rosario-Rojas, a Dominican national. When asked, none of the crew claimed to be master or the person in charge of the vessel. When asked, Alfonso made a verbal claim of Colombian nationality for the vessel. When contacted by U.S. authorities, the Government of Colombia could neither confirm nor deny registry of the vessel. Accordingly, the vessel was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States.

4. The parties stipulate and agree that these facts provide a sufficient factual basis for the Court to make a finding that the vessel in this case was a vessel without nationality and, thus, pursuant to Title 46, United States Code, Section 70502(c), was a vessel subject to the jurisdiction of the United States.

5. A full law enforcement boarding was conducted, and a search of the GFV for narcotics yielded 12 bales of suspected cocaine, totaling an at-sea weight of 289 kilograms. A Narcotics Identification Test Kit (NIK) was used to test the substance contained in the bales and two positive results were obtained indicating that the substance was cocaine. An IONSCAN, which is a system used for the detection and identification of trace amounts of narcotics, was also done on the GFV and bales yielded positive results for the presence of cocaine.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

6. Based on the training experience of law enforcement officers involved in this case, this quantity of cocaine was intended for distribution to others when the crew of the GFV reached their destination.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 11-23-2021          By: _____
                          RICHARD E. GETCHELL
                          ASSISTANT UNITED STATES ATTORNEY

Date: 11-24-2021          By: _____
                          HUMBERTO DOMINGUEZ
                          ATTORNEY FOR DEFENDANT

Date: 11-24-2021          By: JOSE _____
                          JOSE MIGUEL ROSARIO-ROJAS
                          DEFENDANT

3