UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CR-20306

**UNITED STATES OF AMERICA**
    **Plaintiff,**

vs.

**JOSE MIGUEL ROSARIO-ROJAS**
    **Defendant.**
_____/

### OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT

  **COMES NOW** the Defendant, JOSE MIGUEL ROSARIO-ROJAS, by and through undersigned counsel, respectfully registers his objections.

**The parties have agreed to the following facts:**

  On or about May 1, 2021, while on patrol in the Caribbean Sea, a maritime patrol aircraft ("MPA") detected a go-fast vessel ("GFV") operating approximately 69 nautical miles south of Santo Domingo, Dominican Republic. Members onboard the MPA observed the GFV was equipped with two outboard engines and a tarp covering the forward portion of the vessel, which is consistent with maritime drug smuggling. The GFV had no indicia of nationality. The USS WHICHITA with its embarked USCG LEDET 402 was patrolling nearby and diverted to intercept the GFV. The parties stipulate and agree that these facts provide a sufficient factual basis for the Court to make a finding that the vessel in this case was a vessel without nationality and, thus, pursuant to Title 46, United States Code, Section 70502(c), was a vessel subject to the jurisdiction of the United States. A full law enforcement boarding was conducted, and a search of the GFV for narcotics yielded 12 bales of suspected cocaine, totaling an at-sea weight of 289 kilograms. A Narcotics Identification Kit was used to test the substance contained in the bales and two positive results were obtained indicating that the substance was cocaine.

## **OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

The probation officer applied a two-level specific offense characteristic because a dangerous weapon was possessed, which increased the offense level by two levels under §2D1.1(b)(1). However, the Defendant objects to the increase, as the evidence does not support that the Defendant had knowledge or possession of the weapon that was located on the vessel. Courts have routinely used the "dominion or control" test to define constructive possession; a person must knowingly "ha[ve] both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons. *United States v. Booker*, 774 F.3d 928, 930 (8th Cir. 2014) (emphasis omitted). In the Defendant's post-arrest statement, he stated that he was taken to a beach, and the vessel was already there, the drugs covered with a tarp, and the vessel was guarded by armed men. The Defendant boarded a vessel that was supposed to be bound for the Dominican Republic and had no knowledge as to all of the contents on board of the vessel. The Defendant did not exercise control or power over any of the co-defendants in this case and did not have knowledge that there were firearms on board the vessel, therefore the two-level increase is not applicable. Lastly, pursuant to the terms of the plea agreement the United States agreed not to oppose the safety valve on the grounds that the Defendant possessed a firearm or other dangerous weapon, or induced another participant to do so, in connection with the offense.

The Defendant objects to Paragraph 73, and states that the minimum term of imprisonment is no longer applicable under § 5C1.2.

Based on the above, the Defendant objects to the offense level computations; the Defendant is Safety Valve eligible resulting in an additional two levels deduction bringing the total offense level to a 31.

WHEREFORE, the Defendant respectfully requests this Court grant his request and modify the Pre-Sentence Investigation Report and lower the total offense level by a total of four (4) levels to an offense level of 31.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on January 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsels or parties not authorized to receive electronically Notices of Electronic Filing.

        Respectfully submitted,

        HUMBERTO R. DOMINGUEZ, P.A.
        150 W. Flagler Street, PH2900
        Miami, Florida  33130
        Telephone:   305-373-6400
        Facsimile:   305-373-0396
        E-Mail: bert@hdominguezlaw.com

By:   /s/ Humberto R. Dominguez
       Humberto R. Dominguez, Esq.
       Florida Bar No.  837903