UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CR-20306

UNITED STATES OF AMERICA
        Plaintiff,
vs.

JOSE MIGUEL ROSARIO-ROJAS
        Defendant.
_____/

## JOSE MIGUEL ROSARIO-ROJAS' SETNENCING MEMORANDUM

COMES NOW the Defendant, JOSE MIGUEL ROSARIO-ROJAS, by and through undersigned counsel, and files this his sentencing memorandum and in support states as follows:

## BACKGROUND OF THE DEFENDANT

Mr. Rosario-Rojas is a 37-year-old fisherman from the Dominican Republic. The Defendant was born out of wed lock, to Francisco Rosario and Elena Rojas in La Barca, San Pedro De Macoris, Dominican Republic. (DE 76, Para. 52) Mr. Rosario-Rojas' father passed away in 1993. *Id.* The Defendant's mother is unemployed and unable to work due to medical issues relating to having Diabetes. *Id.* The Defendant was raised by his mother under lower socio-economic conditions and noted that his family began having financial issues after his father's passing. (DE 76, Para. 53) The Defendant's mother began a relationship with Mr. Bonet, who taught Mr. Rosario-Rojas how to work as a fisherman. *Id.* In order for his family to survive, the Defendant began fishing at age eight to support his family. *Id.* Mr. Rosario-Rojas has two (2) minor children, and he contributes approximately 500 Dominican pesos per month to his children, prior to his arrest on the instant offense. (DE 76, Para. 55).

The Defendant's low socio-economic upbringing and desperate financial situation and desperation to help his family, led to Mr. Rosario-Rojas participation in the instance offense. Mr.

Rosario-Rojas is extremely remorseful for his actions and acknowledges that the instant case is quite serious. He was a crewmember on board a boat in the Atlantic Ocean with approximately 289 kilograms of cocaine. The Defendant respectfully requests this Court to take into consideration his upbringing, and his role in the instant offense. He was simply a crewmember assigned with transporting the drugs from Colombia to the Dominican Republic.

## SENTENCING ANALYSIS

To arrive at a sentence that is sufficient but not greater than necessary, to comply with the purpose set forth in paragraph two of 18 U.S.C. § 3553(a), Mr. Huerta understands this Honorable Court will first calculate the Defendant's guideline sentence, and next consider any departures based on the criteria set forth in the federal sentencing guidelines, and finally consider whether the sentence imposed should be different from either the federal sentencing guideline sentence or the departure sentence, if any, after considering the factors set forth in 18 U.S.C. § 3553(a). Undersigned counsel is fully aware that this Honorable Court understands the law regarding the discretion it has at federal sentencing based upon the advisory nature of the federal sentencing guidelines and the mandatory aspect of subsection (b)(1) being held unconstitutional by *United States v. Booker*, 543 US. 220, (2005). This allows the Court to use its discretion to deviate from the guidelines if there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. To determine a reasonable sentence the District Court must consider several factors in addition to the Advisory Federal Sentencing Guidelines enumerated in Title 18, United States Code, and Section 3553. These factors are as follows:

> (1) the nature and circumstances of the offense and the history and the characteristics of the defendant;
>
> (2) the need for the sentence imposed –

      (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of the defendant as set forth in the Guidelines issued by the Sentencing Commission that are in effect on the date Defendant is sentenced;

(5) any pertinent policy statements issued by the Sentencing Commission

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

This Honorable Court in determining the particular sentence to be imposed, shall consider, among other things, the nature and circumstances of the offense and the history and characteristics of Mr. Rosario-Rojas, and lastly the need to avoid unwarranted sentencing disparities amongst other defendants with similar records who have been found guilty of similar conduct.

Therefore, a downward variance in this case would provide an adequate deterrence for the offense in this instant matter. The Defendant's family struggles financially, and Mr. Rosario-Rojas is cognizant that the longer he spends away from his family, the more they will struggle just to get by. Mr. Rosario-Rojas understands he is facing imprisonment, but the inability to provide for his family is enough of a deterrence to prevent him from doing anything of this nature again. He also understands the immigration issue and that he will be deported back to the Dominican Republic and

barred from returning to the United States of America without the approval of the Attorney General.

For these reasons, the Defendant respectfully requests a downward variance and a sufficient sentence under the purposes set forth in 18 U.S.C. § 3553(a).

## **CONCLUSION**

WHEREFORE, the Defendant, JOSE MIGUEL ROSARIO-ROJAS, by and through his undersigned counsel respectfully requests this Honorable Court will grant the requested relief/and or any other relief deemed necessary.

                                      Respectfully submitted,

                                      HUMBERTO R. DOMINGUEZ, P.A.
                                      150 W. Flagler Street, PH2900
                                      Miami, Florida 33130
                                      Telephone:   305-373-6400
                                      Facsimile:    305-373-0396
                                      E-Mail: bert@hdominguezlaw.com

                           By:    <u>/s/ Humberto R. Dominguez</u>
                                  Humberto R. Domínguez, Esq.
                                  Florida Bar No.  837903

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on February 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsels or parties not authorized to receive electronically Notices of Electronic Filing.

        Respectfully submitted,

        HUMBERTO R. DOMINGUEZ, P.A.
        150 W. Flagler Street, PH2900
        Miami, Florida 33130
        Telephone:   305-373-6400
        Facsimile:    305-373-0396
        E-Mail: bert@hdominguezlaw.com

By:    /s/ Humberto R. Dominguez
        Humberto R. Dominguez, Esq.
        Florida Bar No. 837903